UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STATE OF IDAHO, through ATTORNEY GENERAL LAWRENCE WASDEN,<br><br>Plaintiff,<br>  v.<br><br>THE MCGRAW-HILL COMPANIES, INC., and STANDARD & POOR'S FINANCIAL SERVICES LLC,<br><br>Defendants. | Case No. 1:13-cv-00108-BLW<br><br>**ORDER** |

## INTRODUCTION

The Court has before it Defendants' Motion to Stay Proceedings Pending Determination on Motion to Transfer Pursuant to 28 U.S.C. § 1407 (Dkt. 6), and State's Motion for Remand Pursuant to 28 U.S.C. § 1447 (c) (Dkt. 11). For the reasons stated below, the Court will grant the defendants' motion to stay these proceedings pending the Judicial Panel on Multidistrict Litigation's resolution of the defendant's motion to transfer.

## ANALYSIS

Similar to lawsuits filed in approximately twenty other states, the Attorney General for the State of Idaho filed suit against McGraw-Hill Companies, Inc. and Standard & Poor's Financial Services LLC ("S&P"). The Attorneys General in each of the states make almost identical allegations – that the defendants' representations that its

**ORDER - 1**

ratings were objective and independent were false and constituted unfair and deceptive

practices. The Attorneys General allege that such practices violated consumer protection

laws – in this case, the Idaho Consumer Protection Act ("ICPA").

This case was originally filed in state court, but defendants removed it to this

Court on the basis of federal question jurisdiction. Defendants have filed a motion to

transfer all of these actions for consolidated pretrial proceedings before the Judicial Panel

on Multidistrict Litigation ("JPML"), and the JPML has set a hearing on Defendants'

motion for May 30, 2013. Defendants ask the Court to stay these proceedings pending the

JPML's resolution of the motion to transfer. The State suggests that the Court should

address the jurisdictional issue raised in its motion to remand before staying the case.

The motion to transfer "does not affect or suspend orders or pretrial proceedings . .

. or limit the jurisdiction" of this court. JPML Rule 2.1(d). However, the Court has

inherent power to stay its proceedings. "The power to stay proceedings is incidental to

the power inherent in every court to control the disposition of the causes on its docket

with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North*

*Am. Co.*, 299 U.S. 248, 254 (1936). Courts apply a three-step process in determining

whether to rule on a motion to remand or stay a matter pending resolution of a motion to

transfer to the JPML. *Conroy v. Fresh Del Monte Produce, Inc.*, 325 F. Supp. 2d 1049,

1053 (N.D. Cal. 2004).

"First, the court should give preliminary scrutiny to the merits of the motion to

remand. If this preliminary assessment suggests that removal was improper, the court

should promptly complete its consideration and remand the case to state court." *Conroy*,

**ORDER - 2**

325 F. Supp. 2d at 1053 (Internal citation omitted). Next, "[i]f the jurisdictional issue appears factually or legally difficult, the court should determine whether identical or similar jurisdictional issues have been raised in other cases that have been or may be transferred to the MDL proceeding." *Id*. Finally, "if the jurisdictional issue is both difficult and similar or identical to those in cases transferred or likely to be transferred, the court should stay the action." *Id*.

This case is not unlike several of the related cases pending in states around the country, including the one in Pennsylvania. *See Commonw. of Pa. by Att'y Gen. Kane v. The McGraw-Hill Companies, Inc. and Standard & Poor's Fin. Serv., LLC ("Kane")*, No. 1:13-CV-605, 2013 WL 1397434, at *4-5 (M.D. Pa. April 5, 2013). In fact, this case is almost identical to *Kane*. Applying the three-part test identified above, the *Kane* court granted the defendants' motion to stay.

With regard to the first step, the court explained that the legal issues surrounding Pennsylvania's motion to remand were novel and complex. *Id.* In that case, as in this case, the defendants justified their removal based upon the Supreme Court's reasoning in in *Grable & Sons Metal Prods.,Inc. v. Darue Eng'g & Mfg*., 545 U.S. 308 (2005). *Id.* Under *Grable*, federal question jurisdiction exists if a state law claim "necessarily state[s] a federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg*., 545 U.S. 308, 314 (2005). 545 U.S. at 314. "A state law claim raises a federal issue when it

ORDER - 3

involves a dispute over the validity, construction, or effect of a federal statute or law."

*Kane*, 2013 WL 1397434, *3; (citing *Grable*, 545 U.S. at 313.

The *Kane* court went on to conclude that the jurisdictional inquiry therefore necessarily demands an expansive review of case law governing the history and application of the *Grable* holding as well as case law and legislative history governing the scope and application of Credit Rating Agency Reform Act. It would need to scrutinize the plaintiff's factual and legal allegations in order to determine whether they implicate the Act, and, thereafter, identify the presence of any federal issues. The same is true in this case, and it will not be a simple process. Thus, the first step of the *Conroy* test is satisfied.

The second step is also satisfied. Similar or identical jurisdictional issues have been raised in approximately twenty other cases which may be transferred to the MDL proceeding. The district courts in many of those cases have granted a stay.

Finally, the third step is also satisfied because the jurisdictional issue in this case is both difficult and similar or identical to those in cases likely to be transferred. In fact, this case is practically identical to the other cases pending throughout the country. Moreover, although the analysis of a court's subject matter jurisdiction does necessarily require an individualized inquiry, as noted by the *Kane* court, "when the jurisdictional issues are purely legal in nature and when the issues are virtually identical to those present in other cases, district courts should defer to the possibility of consolidation and determination by one judicial body to promote judicial economy and to avoid inconsistent judgments." *Kane*, 2013 WL 1397434, *4.

**ORDER - 4**

Under these circumstances, the Court will grant the stay. Many of the other federal district courts have already reached the same conclusion, and this Court agrees that the stay serves the interests of judicial economy because the jurisdictional issues raised by the motion to remand are both complex and almost certain to be raised by other cases which may be transferred to the JPML. Additionally, the prejudice to the State will be minor given the pending May 30, 2013 hearing date for the motion to transfer.

## ORDER

**IT IS ORDERED THAT:**

1.      Defendants' Motion to Stay (Dkt. 6) is **GRANTED**.

2.      The Court will reserve ruling on the Motion to Remand (Dkt. 11).

DATED: May 21, 2013

B. Lynn Winmill
Chief Judge
United States District Court

ORDER - 5